**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NO. 2:22-MJ-279** |
| : | |
| **Plaintiff,** : | |
| v. : | **MAGISTRATE JUDGE JOLSON** |
| : | |
| : | |
| **MATTHEW KRONK** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR VIOLATION OF SPEEDY TRIAL STATUTE**

The United States, by and through undersigned counsel, hereby submits this Opposition to Defendant Matthew Kronk's Motion to Dismiss for Violation of Speedy Trial Statute. For the reasons set forth more fully in the attached memorandum, there is no violation of the Speedy Trial Act in this matter. The Speedy Trial clock has been tolled since May 3, 2022, as a result of the government's pretrial motion for Mr. Kronk's detention and the required transfer of the defendant to this district. Accordingly, the motion to dismiss should be denied.

**MEMORANDUM**

**I.     Factual and Procedural Background**

On April 21, 2022, the United States filed a Criminal Complaint in the Southern District of Ohio charging the defendant, Matthew Kronk, with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). (Doc. #1.) At the time the Criminal Complaint was filed, an arrest warrant was issued for Mr. Kronk.

On May 3, 2022, Mr. Kronk was arrested in Baltimore, Maryland while on his way to Jamaica. The next day, he appeared before a magistrate judge in the District of Maryland at an

1

initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(3).  At that initial appearance, the United States made an oral motion for the defendant's detention.  In fact, the defendant agreed to be detained pending his transfer back to this District.  (*See United States v. Kronk*, D. Md. Case No. 1:22-mj-01438, Doc. #6.)  Mr. Kronk executed a waiver of his preliminary and detention hearings in the District of Maryland and requested that any such hearings to which he may be entitled "be held in the prosecuting district, at a time set by that court."  (Doc. #3-2)  The defendant was then ordered remanded to the custody of the United States Marshals Service for transfer to the Southern District of Ohio.  (Doc. #3-2.)

Mr. Kronk is being transported by the USMS and has not arrived in the Southern District of Ohio as of this date.

II. **Argument**

A. **There is No Violation of the Speedy Trial Act.**

The United States Code provides, in pertinent part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges."  18 U.S.C. § 3161(b).  Federal Rule of Criminal Procedure 45 outlines how the 30-day period proscribed by section 3161(b) is to be calculated, and section 3161(h) provides for the exclusion of certain time periods from such calculation.

Pursuant to these rules, when computing the 30-day period, the day of the event that triggers the period – here, the day the defendant was arrested based on the charges in the Criminal Complaint – is excluded.  Fed. R. Crim. P. 45(a)(1)(A).  Also excluded is "[a]ny period of delay resulting from other proceedings concerning the defendant."  18 U.S.C. § 3161(h)(1).  Eight examples of such "other proceedings concerning the defendant" are enumerated in the

statute, including those delays "resulting from any pretrial motion," and delays "resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district." 18 U.S.C. §§ 3161(h)(1)(D) and (E). This list of examples is not exhaustive, and "[t]he statute is to receive a broad interpretation as to what is a 'proceeding.'" *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989); *see United States v. White*, 679 Fed. Appx. 426, 431 (6th Cir. 2017) ("In this circuit, plea negotiations are 'period[s] of delay resulting from other proceedings concerning the defendant' automatically excludable under § 3161(h)(1)."). Any delays resulting from such "other proceedings concerning the defendant" are automatically excluded from the Speedy Trial calculation without regard to the length of the delay or the reasonableness of such period of delay. *Henderson v. United States*, 476 U.S. 321, 326–27 (1986).

These rules provide two options to show why the motion to dismiss should be denied.

First, for delays resulting from pretrial motions, the entire time that the motion is pending – "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" – is excluded from the Speedy Trial calculation. *Id.* at 326. Importantly, this statutory exclusion does not require that the hearing on the motion be held promptly. *Id*. This exclusion also is not dependent on whether the pendency of any motion actually causes the trial to start at a later date than it otherwise would have. *United States v. Tinklenberg*, 563 U.S. 647, 660 (2011).

These rules compel the conclusion that there is no violation of the Speedy Trial Act in this case. When Mr. Kronk had his initial appearance in the District of Maryland on May 4, 2022, the United States moved for the defendant's detention. The defendant waived his right to proceed with a detention hearing in the district of his arrest and instead requested that the hearing

3

take place in the Southern District of Ohio. As such, the issue of Mr. Kronk's detention, which the government raised by way of pretrial motion on May 4, 2022, is pending until the conclusion of a hearing on that motion. There is no date set for the hearings as Mr. Kronk has not arrived in this District. Because this entire period of time, "from the filing of the motion through the conclusion of the hearing on . . . such motion," is automatically excluded from the Speedy Trial calculation – irrespective of whether the hearing was held promptly – there is no violation of the Speedy Trial Act. *Henderson*, 476 U.S. at 326. The 30-day clock will not begin to run until this Court resolves the government's pretrial motion. Thus, the date by which an indictment or bill of information must be filed is 30 days from the date of the detention and preliminary hearings in this district.

Decisions from other circuits and from this district support the United States' position. In *United States v. Parker*, 508 F.3d 434, 439 (7th Cir. 2007), the Seventh Circuit found no Speedy Trial Act violation, holding that the 11 days that passed between the defendant's initial appearance and the hearing on the government's motion for detention were properly excluded. Both the Fourth and Eighth Circuit have reached similar conclusions. *See United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993) (excluding time that government's motion for defendant's detention was pending from Speedy Trial Act calculation); *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994) (same). In *United States v. Conner*, Judge Graham relied on much of the foregoing authority and denied the defendant's motion to dismiss an indictment for an alleged Speedy Trial Act violation, finding that the period between the defendant's initial appearance and the hearing on the government's oral motion for detention was properly excluded from the calculation. S.D. Ohio Case No. 2:10-cr-00332, Doc. #14; *see also United States v. Mikula*, 2014 WL 294493, at *1 (M.D. Tenn. Jan. 24, 2014) ("Excludable delay under [section

4

3161(h)] includes the time during which an initial detention motion is pending." (*citing United States v. Patterson*, 525 Fed. Appx. 681, 690 (10th Cir. 2013))).

Second, 18 U.S.C. § 3161(h)(1)(E) excludes from the 30-day clock any delay "relating to the transfer of a case or the removal of any defendant from another district." Here, the defendant waived his Rule 5 hearings in Maryland, with the explicit understanding that his case was going to be transferred to this District. (*See, e.g.*, Doc. #3-2.) That same day, on May 4, 2022, the Judge in Maryland then ordered that he be transferred to this District. (*See United States v. Kronk*, D. Md. Case No. 1:22-mj-01438, Doc. #8.) Since that date, he has been proceeding through the transfer process to this District. Under the plain language of 18 U.S.C. § 3161(h)(1)(E), any subsequent delay resulting in the defendant's transfer to this District is not countable toward the 30-day clock to indict.

### B. To the Extent the Speedy Trial Act was Violated, Dismissal of the Pending Charges Should be Without Prejudice.

In the event the Court finds that the time period between Mr. Kronk's initial appearance and his detention hearing is not excludable and thus concludes that the Speedy Trial Act was violated, any resulting order of dismissal should be without prejudice. A dismissal of charges not filed within the 30-day period may be with or without prejudice. 18 U.S.C. § 3162(a)(1). In making this determination, the Court is to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* In this case, these factors weigh heavily in favor of dismissal without prejudice.

In the Criminal Complaint, Mr. Kronk is charged with a serious offense. The United States alleges that the defendant was in possession of possessing multiple firearms as a convicted felon. (Doc. #1.) The discovery of the firearms was due to a search warrant conducted on Mr.

5

Kronk's home. Also seized from the home were suspected controlled substances and U.S. currency.

Conversely, the delay in this case – which the United States concedes is of longer than average duration – was not caused by any dilatory actions by the United States Attorney's Office. Indeed, the government neither engaged in bad faith nor was attempting to gain any sort of tactical advantage. *See United States v. Gross*, 432 Fed. Appx. 490, 493–94 (6th Cir. 2011) (noting lack of bad faith in affirming dismissal without prejudice). The delay in this case is the result of a combination of factors, including Mr. Kronk's arrest in another jurisdiction, the requisite transfer of the defendant to the Southern District of Ohio, and the need to schedule and convene hearings upon the defendant's arrival in this district.

Finally, the sound administration of justice would weigh in favor of permitting reprosecution of Mr. Kronk. In assessing this factor, courts typically consider "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the [Speedy Trial] Act." *Id.* at 494. Mr. Kronk has not identified any specific prejudice he has suffered as a result of the delay between his initial appearance and his detention hearing. There is absolutely no indication that the United States committed prosecutorial misconduct by somehow creating this delay.

## **CONCLUSION**

For the reasons stated herein, the United States respectfully requests that the Court deny Mr. Kronk's motion to dismiss under 18 U.S.C. § 3161 and his request for relief in the alternative under 18 U.S.C. § 3164.

        Respectfully submitted,

        KENNETH L. PARKER
        United States Attorney


        s/ Elizabeth A. Geraghty
        ELIZABETH A. GERAGHTY (0072275)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        614-469-5715
        Elizabeth.Geraghty@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Opposition to Defendant's Motion to Dismiss for Violation of Speedy Trial Statute was served this 20th day of June, 2022, electronically upon counsel of record in this matter.

                                        s/ Elizabeth A. Geraghty
                                        ELIZABETH A. GERAGHTY  (0072275)
                                        Assistant United States Attorney